IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL JOSEPH PAVALONE**, | : CIVIL ACTION NO. 1:13-CV-3089 |
| : | |
| Petitioner | : Chief Judge Conner |
| : | |
| v. | : |
| : | |
| **COMMONWEALTH OF PENNSYLVANIA, PA ATTORNEY GENERAL**, | : |
| : | |
| Respondents | : |

**MEMORANDUM**

On December 26, 2013, petitioner Paul Joseph Pavalone ("petitioner"), a Pennsylvania state inmate presently confined at the Lackawanna County Prison in Scranton, Pennsylvania, initiated the above petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice.  See 28 U.S.C. § 2243.  See also R. Governing § 2254 Cases R.4.

I.   **Background**

Petitioner asserts that the improper application of Pennsylvania Rules of Criminal Procedure in the Lackawanna County Criminal Case No. 11-CR-1493, has violated his due process rights.  (Doc. 1, at 1.)  He alleges that following pleas of guilty to three counts of misdemeanor harassment he was accepted into an eighteen-month "Lackawanna County Mental Treatment Court" which included community service, medical intervention, counseling sessions and vocational

programs.  (Id. at 1-2.)  He states that he has been in the program in excess of twenty-two months and, despite the fact that he has completed all of the program requirements, he has not been released.  (Id. at 2.)  He indicates that in September, 2013, he filed a petition with the Court of Common Pleas of Lackawanna County seeking to be sentenced to time served, but his request was ignored.  It is his position that he has never been sentenced and that the Court of Common Pleas is now in violation of the State of Pennsylvania Rules of Criminal Procedure which, according to petitioner, require a defendant to be sentenced within sixty to ninety days of entry of a guilty plea.  He is seeking an order for immediate release.  (Id. at 3.)

According to the electronic docket in Lackawanna County Court of Common Pleas Criminal Case Number CP-35-CR-0001493-2011, petitioner filed a "Pro Se Petition" on September 24, 2013, and a Writ of Habeas Corpus on December 30, 2013.  see http://ujsportal.pacourts.us.  On December 31, 2013, the Court issued a Capias for the Arrest and Detention of a Probation violator.  See id.

**II.    Discussion**

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  United States Code Title 28, Section 2243 provides in relevant part that "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should

2

not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id.  Further, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts (2001), which provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although a *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance, see Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998), Lewis v. Attorney General, 878 F.2d 714, 721–22 (3d Cir. 1989), United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  See also 28 U.S.C. §§ 2243, 2254, 2255.  For instance, a petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . "  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—  (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (1).  Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective. . . ."  See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir.1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the

state's highest court, the exhaustion requirement is satisfied.  Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971).  The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir.1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129, 131, 134–35 (1987); Rose, 455 U.S. at 516–18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.  Consequently, a district court may use its inherent power to dismiss, *sua sponte*, a petition which concedes that the prisoner failed to exhaust his state court remedies and which facially violates a bar to suit.  Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir. 2002).  See also Sulaski v. Lindsay, CV-06-2482, 2007 WL 1031457, at *1 (M.D.Pa. March 29, 2007) (Rambo, J.) (relying on Ray for *sua sponte* dismissal of an unexhausted § 2241 petition).

Here, petitioner alleges that he has not yet been sentenced.  It is plain from the face of the petition that he has not exhausted his state remedies and he does not allege any facts that would suggest that appeal or post-conviction remedies afforded by Pennsylvania law are effectively unavailable.  As petitioner has clearly failed to

exhaust his state remedies, this petition must be dismissed without prejudice for failure to exhaust available state court remedies.[1]

### III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

---

[1] No opinion is expressed as to the merits of petitioner's claim. The Court does note, however, that the claim presented is couched in terms of an error of state procedural law, rather than federal constitutional error.

**IV.     Conclusion**

For the reasons set forth above, the petition will be dismissed without prejudice.

An appropriate order will issue.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        January 22, 2014